# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANDREA WHITFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.; EQUIFAX** | ) |
| **INFORMATION SERVICES, INC.;** | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Practices Act[1]  (15 U.S.C. § 1692 et seq.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

[hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

5. The Plaintiff, Andrea Whitfield ("Plaintiff Whitfield"), is a natural person who resides within this Judicial District.

6. Defendant Midland Credit Management, Inc. ("Defendant" or "Midland") is a foreign company that engages in the business of debt

collection and reporting consumer credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is the State of California and it is incorporated in Kansas.

7. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

8. Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of California and it is incorporated in Ohio.

## Factual Allegations

9. In October 2008, Defendant Midland sued Plaintiff in the District Court (Small Claims) of Jefferson County, Alabama, with a case number of SM-2008-902397.

10. In this suit, Defendant Midland asserted it was the owner of a certain debt allegedly owed by Plaintiff Whitfield.

11. Plaintiff Whitfield filed an Answer denying the allegations of Defendant Midland.

12. The state court set the case for trial. Notice was sent to Defendant Midland and Plaintiff Whitfield.

13. At all times Plaintiff Whitfield was prepared for trial.

14. The case resulted in a judgment in favor of Plaintiff Whitfield.

15. Defendant Midland knew it had lost the case.

16. Defendant Midland is not the owner of this alleged debt.

17. Defendant Midland reported and has continued to report (even after losing the case) to the credit reporting agencies that Plaintiff Whitfield owed this money and was in default.

18. Plaintiff Whitfield did not and does not owe this money to Defendant Midland.

19. The debt being collected is a consumer debt as defined by the FDCPA.

20. Plaintiff Whitfield is a "consumer" as defined by the FDCPA and FCRA.

21. Defendant Midland is a "debt collector" as defined by the FDCPA.

22. After the victory at trial, Plaintiff Whitfield sent a letter to Defendants Equifax and Experian requesting an investigation of the Defendant Midland's account that still appeared on Plaintiff Whitfield's credit report.

23. Plaintiff Whitfield requested that the Defendant Midland's account be deleted, as Plaintiff Whitfield did not owe it, per the court's judgment in favor of Plaintiff Whitfield.

24. Defendants Equifax and Experian were not concerned and did not care about what the state court did in the case as Defendants Equifax and Experian did not intend to perform a reasonable investigation.

25. Defendants Equifax and Experian did not perform any type of reasonable investigation.

26. Defendants Equifax and Experian notified Defendant Midland in accordance with the FCRA of the dispute by the Plaintiff Whitfield.

27. Alternatively, Defendants Equifax and Experian did not properly notify Defendant Midland and, as a part of this failure, did not include all relevant information provided by Plaintiff Whitfield in its notification of Defendant Midland.  This includes notification that the state court entered a judgment in favor of Plaintiff Whitfield.

28. All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Midland account would have been deleted.

29. On December 13, 2008, Defendant Equifax issued its results of investigation, which shows the Defendant Midland's account with a balance due and that it is a collection account.

30. On December 20, 2008, Defendant Experian issued its results of investigation, which shows the Defendant Midland's account with a balance due and that it is a collection account.

31. All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland through its state court trial counsel that the case was a defeat for Defendant Midland) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

32. The Defendants Equifax and Experian have previously proclaimed that they are obligated to rely upon whatever the public records state about a consumer.

33. For example, had Plaintiff Whitfield lost the suit and a judgment was entered in favor of Defendant Midland, and Plaintiff Whitfield

disputed with the CRAs, Plaintiff Whitfield would have been told by Defendants Equifax and Experian that they were bound by the state court judgment which says Plaintiff Whitfield owes the money.

34. These same Defendants Equifax and Experian, however, <u>refused</u> to rely upon what the state court judge actually said – verdict for Plaintiff Whitfield.

35. The verdict in favor of Plaintiff Whitfield means Plaintiff Whitfield does not owe the money claimed by Defendant Midland.

36. The state court ruling was a final judgment.

37. This final judgment was not appealed.

38. There is no avenue for appeal for Defendant Midland of this judgment as the time to appeal has passed.

39. Despite this knowledge, Defendants Equifax and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Midland, has told them to say.

40. Defendants Equifax and Experian have a policy to favor the paying customer, in this situation Defendant Midland, rather than what the consumer or the state court says about a debt.

41. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendants Equifax and Experian.

42. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

43. Defendant Midland has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Whitfield, who do not owe the alleged debt. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

44. Defendant Midland has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Whitfield's credit reports.

45. Defendant Midland assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

46. Defendant Midland has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

47. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

48. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Whitfield's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff Whitfield to pay on an account Plaintiff Whitfield does not owe.

49. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Whitfield's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

50. At all relevant times the Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Whitfield's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

51. Defendant Midland failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Whitfield's credit information and Plaintiff Whitfield's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint.  These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

52. Defendant Midland has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Whitfield. These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Defendants Equifax and Experian, that Plaintiff Whitfield owes the debt, that Plaintiff Whitfield defaulted, and that the account was in collections with a balance currently owed.

53. The Defendants Equifax and Experian have failed to maintain Plaintiff Whitfield's account with maximum accuracy and these Defendants and Defendant Midland have failed to properly investigate the account in response to the disputes made by Plaintiff Whitfield.

54. The conduct of the Defendants has proximately caused Plaintiff Whitfield past and future monetary loss, past and future damage to Plaintiff Whitfield's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

55. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant Midland), FCRA (all Defendants) and state law (all Defendants).

56. All Defendants know their conduct is wrong.

57. For example, Defendants Midland and Equifax have been sued over a dozen times in this very district and Defendant Experian has also been sued numerous times in this district for this identical misconduct.

58. Despite repeated suits (including judgments against Midland and one judgment against Equifax) no Defendant has changed its policies in handling the reporting of alleged debts that Midland has lost in the collection cases.

59. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

60. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Whitfield and/or with the knowledge that their actions would very likely harm Plaintiff Whitfield and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports

and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

62. Defendant Midland is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## FIRST CLAIM FOR RELIEF
**Violations of the Fair Debt Collection Practices Act**

63. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

64. Defendant Midland violated the FDCPA in numerous ways, including, but not limited to the following:

   a. Falsely reporting the debt (before and after the collection case was lost) on Plaintiff's credit reports when Plaintiff does not owe the money;

  b. Engaging in illegal collection activities on a debt that Plaintiff does not owe and that Defendants are not entitled to collect upon.

  c. Falsely updating Plaintiff's credit reports to show that Plaintiff still owes this money; and

  d. Falsely updating the credit reports to show that the account was past due and in collections.

65. Because of the violations of the FDCPA, the Defendant Midland is liable to the Plaintiff Whitfield for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff Whitfield actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
## Violating the Fair Credit Reporting Act

66. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

67. Defendants Equifax and Experian are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

68. Defendant Midland is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting

agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

69. Plaintiff Whitfield notified Defendants Equifax and Experian directly of a dispute on the Defendant Midland account's completeness and/or accuracy, as reported.

70. Defendants Equifax and Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Whitfield's disputes.

71. Plaintiff Whitfield alleges that at all relevant times Defendants Equifax and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Whitfield's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

72. Plaintiff Whitfield alleges that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the suit was tried with the Plaintiff Whitfield winning the case, but Defendants apparently failed to review the court file or contact the court or contact counsel for Defendant Midland. Other examples will become apparent once discovery is commenced.

73. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Whitfield and/or with the knowledge that their actions would very likely harm Plaintiff Whitfield and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

74. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### State Law Claims

75. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

76. All Defendants intentionally published false and defamatory information related to the Defendant Midland account.

77. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Whitfield as set forth in this Complaint.  This includes the initial reporting of Defendant Midland account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

78. Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

79. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

80. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Whitfield.

81. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Whitfield as set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

82. Defendants invaded the privacy of Plaintiff Whitfield as set forth in Alabama law, including publishing false information about Plaintiff Whitfield's personal financial obligations.

83. The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendants Midland) and reporting this false information (all Defendants).

84. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

85. As a result of this conduct, action, and inaction of all Defendants, Plaintiff Whitfield has suffered damage as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff Whitfield respectfully prays that judgment be entered against the Defendants for the following:

A. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B. Plaintiff Whitfield also requests all further relief to which Plaintiff Whitfield is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Service
2730 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109